OPINION
{¶ 1} Plaintiff-Appellant, Beverly K. Neumeier, appeals from a judgment of the Allen County Court of Common Pleas, granting Defendant-Appellee, the City of Lima (the "City") summary judgment. She maintains that summary judgment was improper because material issues of fact remain unresolved. After reviewing the entire record, we cannot say that the slight disrepair surrounding a sewer grate in the City's parking lot was more than a minor imperfection in the parking lot's surface. As such, the City owed no duty to Neumeier, and the judgment of the trial court is affirmed.
 {¶ 2} On April 16, 2002, Neumeier parked her vehicle in City Lot A, which is a City owned parking lot located at 200 East Market Street, Lima, Ohio. The lot provides parking for guests of the Municipal Court. Neumeier had parked there because she was testifying on behalf of the City in a criminal proceeding being conducted in the Municipal Court. As she was stepping out of her vehicle, Neumeier slipped and fell. As a result of the fall, she suffered injuries to her ankles, knees, and back.
 {¶ 3} Consequently, Neumeier sued the City, claiming that the area around a sewer grate abutting her parking space had been allowed to fall into disrepair and that the resulting loose pavement had caused her fall. Thus, she argued that the City had acted negligently by failing to keep the parking lot in repair and free of nuisance.
 {¶ 4} In response, the City filed a motion for summary judgment, contending that the condition of the area around Neumeier's parking space constituted an open and obvious danger, that the condition of the area around the parking space did not qualify as a nuisance, that the city is immune from liability under R.C. 2744.02, that the City did not have notice of the defect in the parking space, and that the City was immune from liability under R.C. 2744.03(A)(3) and (5). Neumeier filed a brief in opposition to the City's summary judgment motion, and the trial court took both memorandums under advisement.
 {¶ 5} Thereafter, the trial court issued a judgment entry granting the City summary judgment. The main basis of this judgment was a finding by the trial court that the condition of the parking space was an open and obvious danger; however, the trial court also found that the disrepair in the parking lot did not constitute a nuisance. Accordingly, the trial court granted the City summary judgment. Neumeier appeals from this judgment, presenting the following assignment of error for our review.
 Assignment of Error I The trial court erred to the prejudice of Plaintiff-Appellant ingranting summary judgment to Defendant-Appellee the City of Lima.
 {¶ 6} In her sole assignment of error, Neumeier maintains that summary judgment was inappropriate because material issues of fact remain unresolved. Specifically, she contends that there is a genuine issue of material fact concerning: whether the condition in the parking lot was open and obvious; whether the City is protected by statutory immunity; whether the City had failed to keep the parking lot in repair and free from nuisances; and whether the City had constructive notice of the defective condition in the parking lot. Due to the nature of these arguments, we will address them out of the order in which they are addressed in Neumeier's brief under the following standard of review.
 Standard of Review {¶ 7} An appellate court reviews a summary judgment order de novo.Hillyer v. State Farm Mut. Auto. Ins. Co. (1999), 131 Ohio App.3d 172,175. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. Diamond Wine Spirits, Inc. v. Dayton Heidelberg Distr. Co., 148 Ohio App.3d 596,2002-Ohio-3932, at ¶ 25, citing State ex rel. Cassels v. Dayton CitySchool Dist. Bd. of Ed., 69 Ohio St.3d 217, 222, 1994-Ohio-92. Summary judgment is appropriate when, looking at the evidence as a whole: (1) no genuine issues of material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679, 686-87,1995-Ohio-286. If any doubts exist, the issue must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-59,1992-Ohio-95.
 {¶ 8} The party moving for the summary judgment has the initial burden of producing some evidence which affirmatively demonstrates the lack of a genuine issue of material fact. State ex rel. Burnes v. Athens City Clerkof Courts, 83 Ohio St.3d 523, 524, 1998-Ohio-3; see, also, Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; they may not rest on the mere allegations or denials of their pleadings. Id.
 Political Subdivision Immunity {¶ 9} The general rule is that political subdivisions are immune from damages pursuant to R.C. 2744.02(A). Hubbard v. Canton City School Bd. ofEdn., 97 Ohio St.3d 451, 2002-Ohio-6718, at ¶ 10. However, if any of the exceptions in R.C. 2744.02(B) are applicable, then the political subdivision's immunity is abrogated. Id. at ¶ 12, citing Cater v.Cleveland, 83 Ohio St.3d 24, 28, 1998-Ohio-421.
 {¶ 10} In the case before us, the trial court found that the City is not entitled to immunity because the exception in R.C. 2744.02(B)(3) is applicable. Therefore, the portion of Neumeier's appellate brief arguing that the trial court erred in finding the City to be immune is contrary to a plain reading of the judgment entry and without merit.
 {¶ 11} Furthermore, this Court cannot consider the City's arguments that the trial court's judgment regarding the political subdivision immunity should be reversed. App.R. 3(C) provides:
(1) Cross appeal required. A person who intends to defend a judgment ororder against an appeal taken by an appellant and who also seeks tochange the judgment or order or, in the event the judgment or order maybe reversed or modified, an interlocutory ruling merged into the judgmentor order, shall file a notice of cross appeal within the time allowed byApp.R. 4.
 (2) Cross appeal not required. A person who intends to defend ajudgment or order appealed by an appellant on a ground other than thatrelied on by the trial court but who does not seek to change the judgmentor order is not required to file a notice of cross appeal.
"Pursuant to App.R. 3(C), the filing of a cross appeal is required when a person who intends to defend a judgment also seeks to change the judgment." Bennett v. Waidelich, 6th Dist. No. F-04-023, 2005-Ohio-2489, at ¶ 28.
 {¶ 12} The trial court plainly rejected the City's claim that it was entitled to political subdivision immunity. Therefore, the City is requesting this Court to overturn the trial court's judgment in this respect. Because the City failed to raise this issue in a cross-appeal, this Court cannot consider the City's appellate briefs as far as they pertain to political subdivision immunity. Id. at ¶ 32.
 Premise Liability {¶ 13} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." Strother v. Hutchinson (1981),67 Ohio St.2d 282, 285. At common law, the status of the person entering upon another's land (i.e., trespasser, licensee, or invitee) determined the legal duty the owner or occupier of the land owed to the entrant.Shump v. First Continental-Robinwood Assoc. (1994), 71 Ohio St.3d 414, 417. An owner or occupier of a premise owes its "business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, see Sack v. Skyline Chili, Inc., 12th Dist. No. CA2002-09-101, 2003-Ohio-2226, at ¶ 9. "Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." Light v. Ohio University (1986),28 Ohio St.3d 66, 68. In the case before us, it is undisputed that Neumeier qualified as a business invitee.
 {¶ 14} An owner or occupier of a premise is not, however, the insurer of a business invitee's safety. Paschal, 18 Ohio St.3d at 203. Accordingly, the Ohio Supreme Court has held that "[g]enerally, no liability exists for minor imperfections in the surface of such a parking area-those slight irregularities reasonably to be anticipated in any traveled surface." Jeswald v. Hutt (1968), 15 Ohio St.2d 224, para. two of the syllabus; see, also, Sack, 2003-Ohio-2226, at ¶ 16 (holding that a sewer grate sunk three inches into the surface of a parking lot was a minor imperfection); Krause v. Fred W. Albrecht Grocery Co. (July 1, 1999), 8th Dist. No. 74468 (found that a jagged circular hole with a one foot circumference was the sort of irregularity a person should expect in a parking lot).
 {¶ 15} In Jeswald, the variation in the parking lot was "a low crown or ridge extending across the joinder of an older and newer part of the parking lot, at the termination of a slight upgrade." Jeswald,15 Ohio St.2d at 226. In rejecting the owner's liability for such a variation, the Court held that the ridge "was the kind of condition which comes within the classification of a `minor imperfection'-one reasonably to be anticipated on a traveled surface, and for the existence of which there is ordinarily no liability." Id.
 {¶ 16} The reasoning behind such a rule is that, because of the nature of parking lots, persons cannot expect the same flat surface found on a sidewalk. Sack, 2003-Ohio-2226, at ¶ 16. Parking lots can develop depressions from freezing and thawing and may also contain drainage areas and sewer lids. Id. "Moreover, as almost every parking lot provides a spawning ground for defects in the blacktop, in the absence of any substantial defect or any unusual attending circumstances, the trial court cannot be faulted for deciding the case as a matter of law."Krause, supra.
 {¶ 17} Looking at the deposition testimony and the photographic evidence in the record, we cannot say that the sewer grate and the area surrounding the grate was more than a "minor imperfection" in the surface of the parking lot. It is true that the sewer grate is sunken and that the surrounding area is in slight disrepair, but as a matter of law, we do not find that it rises to the level of a "substantial defect." It is certainly the kind of irregularity one may expect to encounter in a parking lot. Furthermore, there is no evidence in the record of any unusual attending circumstances that may have rendered the minor imperfection actionable.
 {¶ 18} Accordingly, we find that Neumeier has failed to demonstrate that any genuine issue of material fact exists with regard to whether the City breached its duty of ordinary care in maintaining the parking lot in a reasonably safe condition. Therefore, upon review of the evidence, we find that Neumeier has failed to show that the area around the sewer grate and sewer grate constituted more than a minor imperfection. As such, Neumeier has failed to put forth sufficient evidence to create a question of fact as to whether the City breached a duty owed to her as an invite.
 {¶ 19} Based on the above, we find that the trial court was correct in granting the City summary judgment. Therefore, Neumeier's sole assignment of error is overruled.
 {¶ 20} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant and Shaw, JJ., concur.