OPINION
{¶ 1} Plaintiff-Appellant, Effie Mohn, appeals from the judgment of the Hardin County Court of Common Pleas granting summary judgment in favor of Defendant-Appellee, Wal-Mart Stores, Inc. On appeal, Mohn argues that the trial court erred in granting summary judgment based on a finding that the open and obvious doctrine negated Wal-Mart's duty to her, as a genuine issue of material fact existed on the issue of whether the hazard leading to Mohn's injuries was open and obvious, and that the trial court erred in granting summary judgment based on a finding that the hazardous defect was insubstantial as a matter of law pursuant to the "two inch rule," as the specific facts of this case do not warrant an application of that doctrine. Finding there to be no genuine issue of material fact on the issue of the hazard being open and obvious, we affirm the judgment of the trial court.
 {¶ 2} In October 2007, Mohn filed a complaint against Wal-Mart seeking damages in excess of $25,000 as a result of injuries she sustained during a fall in the parking lot of the store. The complaint alleged that, as a direct and proximate result of Wal-Mart's negligence in maintaining a cart corral, she tripped over a bowed metal bar at the entrance of a cart corral while returning her shopping cart, thereby causing her to sustain multiple injuries and incur medical expenses. *Page 3 
 {¶ 3} In November 2007, Wal-Mart filed an answer to Mohn's complaint, denying the allegations and raising contributory negligence and assumption of the risk as affirmative defenses.
 {¶ 4} In January 2008, Mohn was deposed by counsel for Wal-Mart, during which she testified that she was doing her regular grocery shopping at Wal-Mart; that she shops at this Wal-Mart multiple times per week; that, on this particular occasion, after she had finished shopping, she took her groceries to the car and proceeded to return her shopping cart to the cart corral; that she entered the corral to return the cart, pushing her cart over the metal bar on the ground at the entrance to the corral; that, as she pushed her cart into the corral, she felt it go over the metal bar; that, upon pushing the cart into place, she grabbed her purse out of the cart, turned around, and proceeded to exit the corral; that, as she turned around and stepped to exit the corral, her foot became wedged between a bowed portion of the metal bar and the ground; and, that she then lost her balance and fell face first to the ground, suffering a broken finger, fractured nose, knee injury, and concussion.
 {¶ 5} Upon being questioned by defense counsel, Mohn testified that she was aware of the presence of the metal bar at the entrance to the cart corral; that the bar was visible; and, that if she had looked down upon exiting the corral, she would have seen the raised portion of the bar which caused her to fall. Mohn *Page 4 
further testified that she was not sure how high the raised portion of the metal bar was off the ground, but that she could not say for sure that it was greater than two inches.
 {¶ 6} In April 2008, Wal-Mart filed a motion for summary judgment pursuant to Civ. R. 56, asserting that no genuine issue of material fact existed on the issue of whether this hazard was open and obvious, thereby negating Wal-Mart's duty to Mohn and defeating her negligence claim because Mohn's deposition established that the warp in the metal bar at the entrance to the corral was visible and that she would have seen this hazard had she looked down. The motion further asserted that summary judgment was appropriate because Mohn's testimony established that this hazard was less than two inches off the ground, and a two inch or less difference in a walkway elevation height is deemed insubstantial as a matter of law pursuant to Cash v. Cincinnati (1981),66 Ohio St.2d 319, thereby precluding a jury question on the issue of negligence.
 {¶ 7} In June 2008, Mohn filed a memorandum in opposition to Wal-Mart's motion for summary judgment. Mohn asserted that a genuine issue of material fact existed as to whether the hazard in the corral was open and obvious because she was distracted from observing the hazard due to her compliance with Wal-Mart's request to return the cart; because the cart itself distracted her and obscured her view of the hazard; and, because the hazard itself was small and *Page 5 
difficult to see. Mohn further asserted that summary judgment should not be granted on the basis that the hazard was insubstantial as a matter of law because the "two inch rule" of Cash has only been applied to defective hazards in sidewalks or walking surfaces themselves, not a foreign object deliberately attached to the walking surface, and because attendant circumstances obviate the application of the doctrine, as she was distracted from noticing the hazard due to her compliance with Wal-Mart's request to return the shopping cart.
 {¶ 8} Subsequently, the trial court granted Wal-Mart's motion for summary judgment, dismissing Mohn's complaint. In granting the motion, the trial court made the following findings of fact:
 4. Plaintiff is unable to prove that the metal strip that she tripped over was elevated two inches or more off of the ground. Therefore, as a matter of law this defect is deemed insubstantial as a matter of law. * * *
 5. Plaintiff admitted that the metal strip and the "buckle" was visible and if she had been looking she could have seen it, both upon entering the cart corral to return the cart, and upon exiting the cart corral. Therefore, as a matter of law this alleged hazard was open and obvious. * * * Moreover, Plaintiff traversed over and recognized the alleged hazard just prior to tripping on it, and this initial movement over the alleged hazard also makes it open and obvious. * * *
 6. Plaintiff contends that a sign encourages Wal-Mart patrons to return carts to the cart corral, and that act of returning the cart to the cart corral amounted to attendant circumstances. But, attendant circumstances do not include the individual's activity at the moment of the fall, unless the individual's attention was diverted by an unusual circumstance of the property owner's making. * * * Plaintiff's attendant circumstance argument is flawed, as the circumstances that she alleges, her activity of *Page 6 pushing the cart, was present as she entered the cart corral, but not when she exited and fell. On Plaintiff's exit, she had already returned her shopping cart. Moreover, the Plaintiff could see in front of her cart. Therefore, Plaintiff has presented no attendant circumstances to overcome the open and obvious doctrine, or the two inch rule.
 {¶ 9} It is from this judgment that Mohn appeals, presenting the following assignments of error for our review.
 Assignment of Error No. 1 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANT ON THE OPEN AND OBVIOUS DOCTRINE OF OHIO LAW WHEN EXIGENT CIRCUMSTANCES EXISTED GIVING RISE TO A GENUINE ISSUE OF MATERIAL FACT.
 Assignment of Error No. 2 THE TRIAL COURT ERRED IN APPLYING THE "TWO INCH" RULE TO THIS CASE MISAPPLYING THE STANDARD FOUND IN CASH V. CINCINNATI 66 OST. 2D 319 [SIC] AS WELL AS MISAPPLYING THE STANDARD TO THE FACTS IN THIS CASE WHERE THE DEFECT IS A METAL ATTACHMENT TO THE PAVEMENT SURFACE AND NOT A DEPRESSION, CRACK OR DEFECT IN THE PAVEMENT SURFACE OR SIDEWALK SURFACE ITSELF.
 Assignment of Error No. 1 {¶ 10} In her first assignment of error, Mohn argues that the trial court's grant of summary judgment was improper, as a genuine issue of material fact existed on the issue of whether the hazard was open and obvious. Specifically, Mohn asserts that because she was distracted by Wal-Mart's instruction to return *Page 7 
the cart to the corral and by the cart itself, a jury question was presented on the issue of whether the buckle in the metal bar was open and obvious, and, in turn, whether Wal-Mart owed her a duty to warn or repair the defect.
 {¶ 11} A trial court's grant of summary judgment is reviewed de novo.Hillyer v. State Farm Mut. Auto. Ins. Co. (1999), 131 Ohio App.3d 172,175. An appellate court will not reverse an otherwise correct judgment merely because the lower court utilized a different or erroneous reason as the basis for its determination. Diamond Wine Spirits, Inc. v.Dayton Heidelberg Distr. Co., 148 Ohio App.3d 596, 2002-Ohio-3932, ¶ 25, citing State ex rel. Cassels v. Dayton City School Dist. Bd. ofEd., 69 Ohio St.3d 217, 222, 1994-Ohio-92. A trial court's grant of summary judgment is proper when, looking at the evidence as a whole, (1) there is no genuine issue as to any material fact; (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ. R. 56(C); Horton v. Harwick Chemical Corp., 73 Ohio St.3d 679,686-687, 1995-Ohio-286. Furthermore, all doubts are to be resolved in favor of the non-moving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 358-359, 1992-Ohio-95.
 {¶ 12} The party moving for summary judgment must first satisfy its burden to produce evidence demonstrating no genuine issue of material fact exists *Page 8 
as to the issues in the case. Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107. In satisfying this burden, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support its argument. Id. at 292. If the moving party has met its burden, the non-moving party must then demonstrate specific facts evidencing a genuine triable issue in order to avoid summary judgment; the nonmoving party may not rest on the mere allegations or denials of its pleadings. Id.; Civ. R. 56(E).
 {¶ 13} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." Strother v. Hutchinson (1981),67 Ohio St.2d 282, 285. At common law, the legal duty owed by a landowner to one who enters upon his land was contingent upon the status of the entrant: trespasser, licensee, or invitee. Shump v. FirstContinental-Robinwood Assoc, 71 Ohio St.3d 414, 417, 1994-Ohio-427. `"Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner.'" Neumeier v. Lima, 3d Dist. No. 1-05-23, 2005-Ohio-5376, ¶ 13, quoting Light v. Ohio University (1986), 28 Ohio St.3d 66, 68. The duty of care owed by a landowner to a business invitee is to exercise ordinary care to keep the premises in a reasonably safe condition so as to not expose the individual to any unnecessary or unreasonable risks of harm. Paschal v. Rite Aid Pharmacy, Inc. *Page 9 
(1985), 18 Ohio St.3d 203, citing Campbell v. Hughes Provision Co.
(1950), 153 Ohio St. 9. However, a landowner does not owe invitees a duty to warn of any dangers on his property which are open and obvious.Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 80, 2003-Ohio-2573. As such, the open and obvious doctrine "acts as a complete bar to any negligence claims." Id. at ¶ 5. The justification for the doctrine is that "the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Simmers v. Bentley Constr. Co.,64 Ohio St.3d 642, 644, 1992-Ohio-42.
 {¶ 14} A hazard is open and obvious when in plain view and readily discoverable upon ordinary inspection. Parsons v. Lawson Co. (1989),57 Ohio App.3d 49, 51. While customers, as invitees, are expected to exercise ordinary care for their own safety while walking through a store or its parking lot, the law does not require them to "look constantly downward * * * ", Grossnickle v. Germantown (1965),3 Ohio St.2d 96, paragraph two of the syllabus, but "even an obstruction that sits low to the ground in an area frequented by customers may be open and obvious as a matter of law, so long as it is not concealed."Johnson v. Golden Corral, 4th Dist. No. 99CA2643, 2000 WL 1358635, citing Pruitt v. Hayes, 4th Dist. No. 97CA14, 1998 WL 106159. However, attendant *Page 10 
circumstances may exist which distract an individual from exercising the degree of care an ordinary person would have exercised to avoid the danger, and "may create a genuine issue of material fact as to whether a hazard is open and obvious." Aycock v. Sandy Valley Church of God, 5th Dist. No. AP 09 0054, 2008-Ohio-105, ¶ 26. But, attendant circumstances do not include any circumstance existing at the moment of a fall, unless the individual was distracted by an unusual circumstance created by the property owner. Id., citing McGuire v. Sears, Roebuck Co. (1996),118 Ohio App.3d 494, 498.
 {¶ 15} In Armstrong, 99 Ohio St.3d 79, the Supreme Court of Ohio affirmed a grant of summary judgment against a customer who tripped over the bracket of a shopping cart guard rail while entering an electronics store because the customer failed to demonstrate a genuine issue of material fact existed on the issue of whether the guard rail was an open and obvious hazard, and, in turn, whether the store owed him a duty. In reaching its conclusion, the Court found the evidence established that the guard rail was not concealed but was clearly visible to all entering and exiting the store; that the customer testified that nothing prevented him from seeing the guard rail when he entered the store; and, that he admitted that if he would have been looking down when he entered the store, he would have seen the guard rail. *Page 11 
 {¶ 16} Turning to the facts of this case, Mohn argues that her act of complying with Wal-Mart's request to return the cart to the corral distracted her from being aware of the hazard posed by the defective bar, and that the hazard was so small it was difficult to see, thereby raising a jury question as to whether the hazard was open and obvious. However, construing all doubts in her favor, these arguments fail to negate the open and obvious nature of the hazard described in her testimony. Mohn testified in her deposition that she was aware of the existence of the metal bar at the entrance to the cart corral when she pushed her cart into the corral; that the bar was visible; and, that if she would have looked down upon exiting the corral, she would have seen the defect in the bar that caused her to fall. Furthermore, even if the attendant circumstance of complying with Wal-Mart's request to return the cart would have been sufficient to divert Mohn's attention from the hazard created by the defective bar, her attention would not have been diverted at the time of her fall because she had already returned the cart and was exiting the corral.
 {¶ 17} Consequently, we find that, based upon her testimony, this hazardous defect in the metal bar was in plain view and readily discoverable upon inspection. While Mohn had no affirmative duty to look constantly downward, her own testimony established that she was aware of the existence of the metal bar, and, therefore, she should have looked down when walking out of the corral *Page 12 
to make sure she did not trip on the bar. Additionally, we find the facts of this case on point with Armstrong, 99 Ohio St.3d 79. Here, just as in Armstrong, the hazard was not concealed in any way, nothing prevented Mohn from observing the hazard, and she testified that if she would have looked downward, she would have seen the hazard.
 {¶ 18} Based upon Mohn's testimony that the hazard was visible, the lack of evidence establishing that the hazard was concealed in some manner, and the fact that any attendant circumstances distracting her from the hazard would have only existed prior to her fall, we find there to be no genuine issue of material fact as to whether the hazard was open and obvious, and, as such, the trial court did not err in granting Wal-Mart's motion for summary judgment.
 {¶ 19} Accordingly, Mohn's first assignment of error is overruled.
 Assignment of Error No. II {¶ 20} In her second assignment of error, Mohn argues that the trial court erred by granting summary judgment on the basis that the hazard created by the warp in the metal bar was insubstantial as a matter of law because it was less than two inches in height. Specifically, Mohn asserts that the trial court should not have applied the "two inch rule" established by Cash, supra, because the facts of Cash are distinguishable and because attendant circumstances dictate against an application of the doctrine. However, our disposition of Mohn's first assignment *Page 13 
of error renders her second assignment of error moot, and we decline to address it. App. R. 12(A)(1)(c).
 {¶ 21} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and PRESTON, J., concur. *Page 1