[Cite as *Stewart v. AMF Bowling Ctrs., Inc.*, 2010-Ohio-5671.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

RONALD E. STEWART, et al.,

    PLAINTIFFS-APPELLANTS,           CASE NO. 5-10-16

    v.

AMF BOWLING CENTER, INC., et al.,        O P I N I O N

    DEFENDANTS-APPELLEES.

**Appeal from Hancock County Common Pleas Court**
**Trial Court No. 2009CV121**

**Judgment Affirmed**

**Date of Decision: November 22, 2010**

APPEARANCES:

    *Bernard K. Bauer* for Appellants

    *Michael P. Gilbride* for Appellee, AMF Bowling Centers, Inc.

    *Lance K. Oliver* for Appellee, Anthem Blue Cross & Blue Shield

**ROGERS, J.**

**{¶1}** Plaintiff-Appellants, Ronald and Mary Stewart, appeal from the judgment of the Court of Common Pleas of Hancock County granting AMF Bowling Centers' motion for summary judgment. On appeal, Ronald and Mary (the "Stewarts") argue that the trial court erred in dismissing their claims on summary judgment on that basis that the injury caused to Ronald was the result of an open and obvious hazard. Based on the following, we affirm the judgment of the trial court.

**{¶2}** In February 2009, the Stewarts filed a complaint against AMF Bowling Centers ("AMF") and Anthem Blue Cross and Blue Shield ("Anthem") asserting a claim for damages in excess of $50,000 incurred as a result of injuries Ronald suffered from a fall allegedly caused by AMF's negligence in failing to adequately warn patrons of the hazards of a ramp leading to the bowling lanes within its establishment. Additionally, the Stewarts' complaint asserted loss of consortium damages for Mary and a demand for Anthem to seek reimbursement for any medical expenses it paid on Ronald's behalf.

**{¶3}** In March 2009, AMF filed its response, denying the allegations set forth in the Stewarts' complaint and asserting several affirmative defenses, including that Ronald's injuries were the result of intervening and superseding causes and his comparative negligence.

{¶4} In June 2009, Anthem filed its answer, asserting that Ronald was a covered member of a health care plan it administered; that it had paid at least $37,376.55 in benefits on his behalf for injuries related to this action; and, that it had a right of subrogation and reimbursement under Ronald's health care plan.

{¶5} In September 2009, Ronald testified via deposition that he had no prior injuries to his left ankle; that, on February 16, 2007, he arrived at the AMF Bowling Center around 6:30 p.m. to bowl in the firemen's tournament; that he was a retired volunteer firefighter; that he had previously bowled in a league at this same establishment sometime in the 1990's; that he bowled in that league for three years; that the setup of the bowling center had always been such that the lanes were on a lower level than the rest of the bowling center; that the setup of most bowling centers has the bowling lanes lower than the rest of the facilities; that, prior to his bowling in February 2007, he had not bowled for one year; that he had his own bowling shoes and ball; that he arrived at the bowling center approximately an hour and a half before his fall occurred; that, while waiting to bowl, he purchased food from the bowling center and sat down at a table to eat; that no one else was sitting at the table when he sat down; that, after he finished eating, his nephew John sat down at the table, and they talked for a few minutes; that an announcement was made to start bowling, so he stood up from the table, stepped backwards, and fell into the step-down going to the bowling lanes; that he

only took one step backwards before he fell; and, that, when he stepped backwards, his foot went all the way down into the recess.

{¶6} Ronald continued that he was helped up after the fall; that he was unable to walk and was carried out of the bowling center; that he did not feel the pain immediately after the incident, but when he was carried out; that there were no railings around the step-down areas; that, prior to his fall, he was aware there was a step-down to the bowling lanes; that at no time before his fall did he walk down into the bowling lanes; that, since his incident, the bowling center replaced the ramp that went down to the bowling lanes with a step and added yellow "strips" along the sides of the step (Ronald Stewart dep., p. 40); and, that, as a result of his fall, he suffered a fractured ankle that required three surgeries.

{¶7} In November 2009, AMF filed a motion for summary judgment, arguing that no genuine issue of material fact existed because the step-down in the bowling center was an open and obvious hazard of which Ronald was aware and reasonably should have been aware.

{¶8} In December 2009, the Stewarts filed a memorandum in opposition to AMF's motion for summary judgment, contending that genuine issues of material fact existed on the question of whether the step-down hazard was open and obvious, as the carpet created an optical illusion concealing the step-down,

AMF failed to place any warning strips or railings on the side of the step-down, and AMF placed a table and chairs next to the step-down.

{¶9} In March 2010, the trial court granted AMF's motion for summary judgment, stating the following in its judgment entry:

> **The open and obvious doctrine provides that a premises owner owes no duty to persons entering the premises regardless of the dangers attended [sic] thereto when those dangers are open and obvious. Open and obvious dangers are neither hidden, concealed from view nor non-discoverable upon ordinary inspection. * * * This test however does not mean that the condition has to be observed by the claimant only it [sic] could have been reasonably and easily observed. The open and obvious doctrine, when applicable, obviates the duty of a premises owner to warn all invitees of premises conditions and acts as a complete bar to a negligence claim. * * ***
>
> **Conversely, the Plaintiff contends that the determination of this area as an "open and obvious" condition constitutes a material issue of the disputed fact. * * * Plaintiff claims that by choosing a pattern identical for the carpet and the step down without proper markings created [sic] an optical illusion making it impossible for the Plaintiff to determine where to safely travel.**
>
> **As found by the Third District Court of Appeals [sic] *Mohne vs. Wal-mart Stores, Inc.* [sic] 2008-Ohio-6184, a condition or obstruction that sits low to the ground in an area frequented by customers may be an open and obvious [sic] as a matter of law so long as it is not concealed. This Court finds no evidence in the record to suggest the existence of an attendant circumstance.**
>
> **More importantly, the Plaintiff's own admission during the course of his deposition testimony and his actions are dispositive of this matter. Specifically, Stewart acknowledged that he was aware of the step prior to the time he fell. * * * As the Defendant established through the Plaintiff's deposition testimony, the Plaintiff chose to sit at a table near the entrance**

> **and then stepped backwards without first looking precipitating his fall. His fall was not caused by an "optical illusion" created by the pattern of the carpet, but by the Plaintiff's own forgetfulness, inadvertence, or both.**
>
> **Based upon a careful review of the evidence and arguments of counsel, the Court finds that the bowling alley ramp way, [sic] was an open and obvious condition. Consequently, the Court finds that there are no disputed issues of material fact and as a matter of law the Defendant owed no duty of care to the Plaintiff. Therefore, the Court Orders that the claims of both Plaintiffs are dismissed.**

(Mar. 2010 Decision of Motion for Summary Judgment, pp. 5-6).

{¶10} It is from the trial court's grant of summary judgment that the Stewarts appeal, presenting the following assignment of error for our review.

> **THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE PLAINTIFFS-APPELLANTS [SIC], BY ENTERING A SUMMARY JUDGMENT IN FAVOR OF THE OWNER OF A BOWLING ALLEY ON THE BASIS THAT A CONDITION WHICH CAUSED INJURY TO A PATRON WAS "OPEN AND OBVIOUS," AS A MATTER OF LAW.**

{¶11} In their sole assignment of error, the Stewarts argue that the trial court erred in granting summary judgment to AMF. Specifically, they contend that attendant circumstances existed on the issue of whether the hazard at the bowling center was open and obvious, such that the issue should not have been decided as a matter of law. We disagree.

{¶12} An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.* (1999), 131 Ohio App.3d 172, 175.

Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distr. Co.*, 148 Ohio App.3d 596, 2002-Ohio-3932, ¶25, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Ed.*, 69 Ohio St.3d 217, 222, 1994-Ohio-92. Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact; (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Horton v. Harwick Chemical Corp.*, 73 Ohio St.3d 679, 686-687, 1995-Ohio-286. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59, 1992-Ohio-95.

{¶13} The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 1996-Ohio-107. In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument. Id. at 292. The nonmoving party must then rebut with specific facts showing the

existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings. Id.; Civ.R. 56(E).

{¶14} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285. At common law, the legal duty owed by a landowner to one who enters upon his land was contingent upon the status of the entrant: trespasser, licensee, or invitee. *Shump v. First Continental-Robinwood Assoc.*, 71 Ohio St.3d 414, 417, 1994-Ohio-427. "'Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner.'" *Neumeier v. Lima*, 3d Dist. No. 1-05-23, 2005-Ohio-5376, ¶13, quoting *Light v. Ohio University* (1986), 28 Ohio St.3d 66, 68. The duty of care owed by a landowner to a business invitee is to exercise ordinary care to keep the premises in a reasonably safe condition so as to not expose the individual to any unnecessary or unreasonable risks of harm. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, citing *Campbell v. Hughes Provision Co.* (1950), 153 Ohio St. 9. However, a landowner does not owe invitees a duty to warn of any dangers on his property which are open and obvious. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶5. As such, the open and obvious doctrine "acts as a complete bar to any negligence claims." Id. The justification

for the doctrine is that "the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 1992-Ohio-42.

{¶15} A hazard is open and obvious when in plain view and readily discoverable upon ordinary inspection. "'[E]ven an obstruction that sits low to the ground in an area frequented by customers may be open and obvious as a matter of law, so long as it is not concealed.'" *Mohn v. Wal-Mart Stores, Inc.,* 3d Dist. No. 6-08-12, 2008-Ohio-6184, ¶14, quoting *Johnson v. Golden Corral*, 4th Dist. No. 99CA2643, 2000 WL 1358635. However, attendant circumstances may exist which distract an individual from exercising the degree of care an ordinary person would have exercised to avoid the danger, and "may create a genuine issue of material fact as to whether a hazard is open and obvious*." Aycock v. Sandy Valley Church of God*, 5th Dist. No. AP 09 0054, 2008-Ohio-105, ¶26. An attendant circumstance has been defined as follows:

> **"[A] factor that contributes to the fall and is beyond the control of the injured party. * * * The phrase refers to all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event. * * * However, '[b]oth circumstances contributing to and those reducing the risk of the defect must be considered.'"**

*Williams v. Lowe's of Bellefontaine*, 3d Dist. No. 8-06-25, 2007-Ohio-2045, ¶18, quoting *Benton v. Cracker Barrel Old Country Store, Inc.,* 10th Dist. No. 02AP-1211, 2003-Ohio-2890, ¶17, quoting *Sack v. Skyline Chili, Inc.,* 12th Dist. No. CA2002-09-101, 2003-Ohio-2226, ¶20. But, attendant circumstances do not include any circumstance existing at the moment of a fall, unless the individual was distracted by an unusual circumstance created by the property owner. Id., citing *McGuire v. Sears, Roebuck & Co.* (1996), 118 Ohio App.3d 494, 498. Additionally, an individual's failure to avoid a known hazard is not excused because he "'did not think'" or "'forgot.'" *Sneary v. McDonald's Restaurant No. 3830*, 3d Dist. No. 1-2000-13, 2000-Ohio-1885, quoting *Raflo v. Losantiville Country Club* (1973), 34 Ohio St.2d 1, 3. Moreover, a step hazard has been found to be open and obvious even where the colors of the step and the floor are uniform. See *Hill v. W. Res. Catering*, 8th Dist. No. 93930, 2010-Ohio-2896, ¶23.

{¶16} In the case at bar, Ronald stated in his deposition that he was aware of the step-down to the bowling lanes; that he had previously been on a league at this bowling center and was aware that its setup had always been such that the bowling lanes were lower than the rest of the bowling center; that most bowling centers had lanes lower than the rest of the facilities; and, that, when he arose from his chair, he stepped backwards into the step-down and fell, suffering a fractured ankle.

{¶17} Based upon Ronald's testimony, it is clear that this hazard was open and obvious. Not only had Stewart been a patron of this bowling center in the past and therefore aware of this step-down to the bowling lanes, he also saw the step-down on this particular evening. Despite his knowledge of the hazard, he chose to sit with his back to the step-down and step backwards into it.

{¶18} Moreover, we also find that no attendant circumstances existed to distract Ronald from the open and obvious nature of this hazard. First, Ronald contends that warning strips should have been placed along the step-down or a carpet pattern chosen that did not conceal the step-down. Nevertheless, any such actions in this case would not have prevented Ronald's fall, as he was aware of the step-down but stepped backwards into it. Additionally, Ronald asserts that railings should have been put in place to prevent falls of this nature. However, we do not find that a landowner's duty to exercise ordinary care for his patrons requires such comprehensive and expensive alterations for these types of open, obvious, and necessary conditions.

{¶19} Accordingly, we overrule the Stewarts' assignment of error.

{¶20} Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**
/jlr