[Cite as *Dunway v. Sidney*, 2012-Ohio-4518.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

JANET D. DUNAWAY, ET AL.,

    PLAINTIFFS-APPELLANTS/
    CROSS-APPELLEES,

                                  CASE NO. 17-12-04

    v.

CITY OF SIDNEY,

    DEFENDANT-APPELLEE/
    CROSS-APPELLANT,
    -and-

UNITED STATES DEPARTMENT OF         O P I N I O N
HEALTH AND HUMAN SERVICES,

    DEFENDANT-APPELLEE/
    CROSS-APPELLEE.

Appeal from Shelby County Common Pleas Court
Trial Court No. 11CV000147

**Judgment Affirmed**

**Date of Decision: October 1, 2012**

APPEARANCES:

    *Timothy S. Sell* for Appellant/Cross-Appellee

    *Joshua R. Schierloh* for Appellee/Cross-Appellant

**SHAW, P.J.**

{¶1} Plaintiffs-appellants, Janet and Bruce Dunaway (collectively referred to as the "Dunaways"), appeal the January 24, 2012 order of the Shelby County Court of Common Pleas certifying under Civ.R. 54(B) its November 28, 2011 judgment granting summary judgment in favor of defendant-appellee, City of Sidney (the "City") and finding that there is no genuine issue of material fact as to the open and obvious condition of the steps located at the entrance to City Hall where Janet fell and sustained injuries. The trial court also concluded that there remained a genuine issue of material fact as to whether the City is entitled to immunity under R.C. 2744.02. However, the trial court determined that its conclusion regarding the open and obvious nature of the steps was dispositive of the case and granted summary judgment on this basis.

{¶2} On June 23, 2008, Janet arrived at City Hall for the purpose of closing a utility account associated with a home she had recently sold. Upon her arrival at City Hall, Janet noticed a sign indicating the entrance to the building had been moved to a new location. Janet followed the arrow posted on the sign and approached the newly renovated building entrance. Janet failed to see the steps descending to the entrance and fell severely injuring her left elbow. Several screws and metal plates were placed in Janet's arm as a result of the injury. Janet

completed some physical therapy, but the pain and her range of motion in the injured arm did not improve.

{¶3} On March 31, 2011, Janet filed a complaint for money damages against the City claiming the City had notice of the defective design and maintenance of the steps, and that the City's negligence was the proximate cause of her injuries. Janet's husband, Bruce, was included as a plaintiff in the complaint on a loss of companionship and consortium claim.

{¶4} On April 13, 2011, the City filed an answer asserting several defenses including that it is immune from liability under R.C. 2744.01 et seq. as a political subdivision.

{¶5} During the course of discovery, four witnesses were deposed, Janet and Bruce, Thomas Judy, the Assistant City Manager for the City, and Kirby King, an engineering technician for the City at the time of the incident.

{¶6} On April 27, 2011, the City filed a motion for summary judgment arguing the Dunaways' claims are barred by its immunity under R.C. 2744.02 and the open and obvious doctrine. After several extensions of time, the Dunaways filed a memorandum contra to the City's motion for summary judgment.

{¶7} On November 28, 2011, the trial court granted the City's motion for summary judgment on the basis that there is no genuine issue of material fact that the open and obvious doctrine barred the Dunaways' claims against the City.

However, the trial court also determined that there still existed a genuine issue of material fact regarding whether the City is entitled to immunity under R.C. 2744.02, but that its ruling on the open and obvious doctrine was dispositive of the case.

{¶8} The Dunaways filed this appeal asserting the following assignment of error.

### DUNAWAYS' ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER THE DEFECT WHICH CAUSED APPELLANT'S INJURY WAS OPEN AND OBVIOUS**.

{¶9} The City filed a cross-appeal asserting the following assignment of error.

### THE CITY'S ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED BY DENYING THE CITY IMMUNITY UNDER R.C. § 2744.01 ET SEQ.**

*Dunaways' Assignment of Error*

{¶10} In their sole assignment of error, the Dunaways argue that the trial court erred in granting the City's motion for summary judgment because there is a genuine issue of material fact as to whether the steps where Janet fell were an open and obvious condition. The Dunaways further argue that even if the steps

were an open and obvious condition, there were attendant circumstances present at the time of Janet's fall, which obviated the open and obvious nature of the steps.

{¶11} Initially, we note that an appellate court reviews a grant of summary judgment de novo, without any deference to the trial court. *Conley–Slowinski v. Superior Spinning & Stamping Co.*, 128 Ohio App.3d 360, 363 (1998). A grant of summary judgment will be affirmed only when the requirements of Civ.R. 56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *see Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, paragraph three of the syllabus.

{¶12} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." *Mitseff v. Wheeler*, 38 Ohio St.3d 112, syllabus (1988). The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 1996-Ohio-107. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the non-

moving party to produce evidence on any issue which that party bears the burden of production at trial. *See* Civ.R. 56(E).

**{¶13}** To prevail in a negligence action, a plaintiff must demonstrate that: (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff to be injured. *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009–Ohio–2495, at ¶ 10, citations omitted. The applicable duty is determined by the relationship between the landowner and the plaintiff when the alleged negligence occurs in a premises-liability context. *Id.*, citing *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 1996–Ohio–137.

**{¶14}** Generally, a premises owner owes a duty of ordinary care to invitees in maintaining the premises in a reasonably safe condition and has the duty to warn invitees of latent or hidden dangers. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 5, citing *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203 (1985). In a premises-liability action, the plaintiff can prove the defendant's breach of duty if any one of three conditions is satisfied:

> **(1) the defendant, through its officers or employees, was responsible for the hazard complained of; (2) at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or to remove it promptly; or (2) such danger existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.**

*Gouhin v. Giant Eagle*, 10th Dist. No. 07AP548, 2008–Ohio–766, at ¶ 8, citing, *Sharp v. Anderson's, Inc.*, 10th Dist. No. 06AP81, 2006–Ohio–4075, at ¶ 7, citing *Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 589 (1943).  Further, "[w]hen it is shown that the owner had superior knowledge of the particular danger which caused the injury, liability attaches because, in such a case, invitees may not reasonably be expected to protect themselves from a risk they cannot fully appreciate."  *Hairston v. Gary K. Corp.*, 8th Dist. No. 87199, 2006-Ohio-5566, at ¶ 10, citing *Mikula v. Slavin Tailors*, 24 Ohio St.2d 48 (1970); *LaCourse v. Fleitz*, 28 Ohio St.3d 209 (1986); *see also Cochran v. Ohio Auto Club*, 3d Dist. No. 9-96-33 (Oct. 3, 1996).

{¶15} However, a premises owner does not owe invitees a duty to warn of any dangers on his property that are open and obvious.  *Armstrong* ¶ 5.  As such, the open and obvious doctrine "acts as a complete bar to any negligence claims."  *Id*.  The rationale for this doctrine is that "the open and obvious nature of the hazard itself serves as a warning."  *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 1992-Ohio-42.  The Supreme Court of Ohio summarized the case law on the open-and-obvious doctrine in the following manner:

> **Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises.  [T]he owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.  Thus, when a plaintiff is**

> **injured by an open and obvious danger, summary judgment is generally appropriate because the duty of care necessary to establish negligence does not exist as a matter of law.**

*Lang*, 2009-Ohio-2495, at ¶ 10 (internal citations omitted).

{¶16} Nevertheless, this Court has previously held that "attendant circumstances may exist which distract an individual from exercising the degree of care an ordinary person would have exercised to avoid the danger, and 'may create a genuine issue of material fact as to whether a hazard is open and obvious.' " *Stewart v. AMF Bowling Ctrs., Inc.*, 3d Dist. No. 5-10-16, 2010-Ohio-5671, ¶ 15, quoting *Aycock v. Sandy Valley Church of God*, 5th Dist. No. AP 09 0054, 2008-Ohio-105, ¶ 26. An attendant circumstance is

> **a factor that contributes to the fall and is beyond the control of the injured party. * * * The phrase refers to all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event. * * * However, '[b]oth circumstances contributing to and those reducing the risk of the defect must be considered.'**

*Williams v. Lowe's of Bellefontaine*, 3d Dist. No. 8–06–25, 2007–Ohio–2045, ¶ 18, quoting *Benton v. Cracker Barrel Old Country Store, Inc.*, 10th Dist. No. 02AP1211, 2003-Ohio-2890, ¶ 17. "But, attendant circumstances do not include any circumstance existing at the moment of a fall, unless the individual was distracted by an unusual circumstance created by the property owner." *Stewart* at ¶ 15 (citations omitted).

{¶17} Here, the Dunaways claim that the steps were not open and obvious because the newly poured concrete created a reflective light from the sun which made the steps difficult to see. The Dunaways also argue that there were no or limited color variations in the steps which camouflaged the steps with the flat concrete. Thus, the Dunaways contend the fact that Janet fell on a bright, sunny summer day further demonstrates that the design of the steps created a latent defect that the City was obligated to warn her against. For its part, the City argues that the large size of the steps and the prominent black handrails in the center and on the west side of the steps made them clearly observable upon ordinary inspection.

{¶18} Despite her arguments asserted on appeal, Janet never testified that she was blinded by the reflective nature of the new concrete or that she had any trouble seeing the steps. Rather, Janet provided the following testimony about the cause of her fall.

> **Q: Okay. Now you stated that as you reached that top step there, you went airborne. What caused you to go airborne?**
>
> **A: I didn't see the steps.**
>
> **Q: Okay. So the fact that you did not see the step is what caused you to go airborne?**
>
> **A: Exactly.**
>
> **Q: Nothing tripped you or there wasn't anything on the steps that caused your feet to get tangled or anything like that?**

**A: No, I did not see the steps.**

**Q: Okay. So the reason for your fall is that you failed to observe that first step, correct?**

**A: Correct.**

(Janet's Deposition, Nov. 9, 2010 at 28).

**Q: Okay. And at that time, you weren't looking down at the step in front of you?**

**A: No, sir.**

**Q: Okay. There were—there was nothing there obstructing your view of that step, correct?**

**A: No, sir.**

**Q: There was nothing there blocking you from seeing it, the step itself?**

**A: No.**

**Q: And if you had been looking down, you probably would have been able to see the step, correct?**

**A: Correct.**

**Q: And at the time you're searching around for a step [*sic*], there's no distractions going on to prevent you from seeing it?**

**A: No, sir.**

**Q: Other than looking for a sign indicating an entrance, there's nothing there that drew your attention away from the steps in front of the city building—**

**A: No, sir.**

**Q: —correct? And as you stated, your fall essentially occurred due to the fact that you failed you observe that first step?**

**A: Correct.**

(Id. at 30).

{¶19} By her own admissions, there was nothing preventing Janet from seeing the steps other than the fact that she was looking for a sign marking the building's new entrance, which caused her failure to notice the steps. In addition, the City officials deposed testified that, nearly three weeks prior to Janet's fall, two handrails had been installed on the steps and the handicap ramp, and yellow reflective tape had been applied to the steps to highlight their presence from the surrounding concrete. Moreover, Bruce, Janet's husband, testified that he had no problems observing the steps when he arrived at the scene after receiving Janet's call that she had been hurt. Simply put, there is no evidence in the record demonstrating the steps presented a risk which Janet could not fully appreciate as she approached the new entrance to the building. Indeed, all of the evidence, including Janet's own testimony, supports the trial court's finding that the steps were open and obvious.

{¶20} The Dunaways next assert that even if the steps were open and obvious, there were attendant circumstances that would negate the open and obvious doctrine. In support of this assertion, the Dunaways argue that: (1) the

reflectiveness of the new concrete combined with the fact that it was a bright, sunny day obscured the open and obvious nature of the steps; (2) the City distracted Janet by directing her away from the entrance with which she was familiar and attempting to guide her to a new entrance without posting adequately instructive signs; and (3) the City was aware of a defect in the design of the steps. The Dunaways claim that because of these attendant circumstances, the open and obvious doctrine does not apply.

**{¶21}** In light of the evidence previously discussed, there is no genuine issue of material fact. Janet never testified that reflectiveness of the new concrete impaired her ability to observe the steps. Rather, Janet admitted that if she had just looked down she would have seen the steps. In addition, Janet testified that nothing obstructed or blocked her ability to view the steps; but that it was the fact she was focused on finding an additional sign marking the new entrance that distracted her from seeing the steps. As a pedestrian, Janet was under the duty to exercise the degree of care an ordinary person would have exercised to avoid the open and obvious hazard. *See Carnes v. Siferd*, 3d Dist. No. 1-10-88, 2011-Ohio-4467, ¶ 26 (stating that "[i]f the pedestrian exercises the option to focus his or her attention on a garage sale rather than on the surface upon which he or she is traveling, then the pedestrian abandons the duty to look"). The record demonstrates that it was simply Janet's choice of where to focus, and not any

action taken by the City, that diverted her attention from steps situated in front of her. Finally, Janet failed to introduce sufficient evidence in the record to substantiate her claim that there was a defect in the design of the steps, let alone that the City was aware of such a defect.

{¶22} Accordingly, for all these reasons we conclude that the trial court did not err in granting the City's motion for summary judgment on the basis that the Dunaways' claims are barred by the open and obvious doctrine. The Dunaways' assignment of error is therefore overruled.

### *The City's Assignment of Error*

{¶23} Despite receiving a favorable disposition by being granted summary judgment, the City assigns error to the determination of the trial court in its opinion that there remains a genuine issue of material fact regarding whether the City is entitled to immunity under R.C. 2744.02. However, given our resolution of the Dunaways' assignment of error, which affirms the trial court's grant of summary judgment and is dispositive of the case, we find the City's assignment of error is rendered moot and therefore must be overruled.

{¶24} Based on the foregoing, the judgment of the Shelby County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**PRESTON and ROGERS, J.J., concur.**
/jlr