OPINION *Page 2 
{¶ 1} This is an appeal from the decision of the Tuscarawas County Court of Common Pleas granting summary judgment in favor of appellee, Sandy Valley Church of God and against appellant, Tom Aycock.
 STATEMENT OF FACTS AND CASE {¶ 2} This case involves a premise liability matter. The facts which gave rise to the action are as follows:
 {¶ 3} On April 18, 2002, appellant, Tom Aycock, attended a district meeting at the Sandy Valley Church of God. Appellant was fifty-five years old, with poor peripheral vision. Because of his vision problems, appellant was driven to the church meeting by a friend. Appellant arrived at the church at approximately 7:00 p.m. Sunset was at approximately 8:08 p.m. Appellant entered and exited the church through the south door. When he arrived, appellant walked up the sloped wheelchair ramp located on the east side of the church's cement porch.
 {¶ 4} The south door of the church leads into the vestibule. "Immediately outside the vestibule doors (i.e. the south door) there is a concrete porch which is approximately 14' 6" wide and 8' 1" deep. The southern edge of the [concrete] porch abuts an asphalt driveway and parking lot. The top of the porch is elevated off the driveway between 17 ¾ and 22 inches due to varying grade. Concrete ramps intended for handicap access extend from the east and west side of the porch and connect to concrete sidewalks below." (Affidavit of Mark E. Williams, Architect). The porch is tan in color and the asphalt parking lot is black. *Page 3 
 {¶ 5} "The east ramp has a 1:8 slope. The west ramp has a 1:9 slope. There is no handrail provided on either side of the ramps. There is no guardrail provided on the open side of the elevated concrete porch floor. The available light for the porch consists of two decorative coach type light fixtures mounted approximately 5'0" above the concrete porch floor and 1'6" from the vestibule door. . .. A line projected from each light fixture to the elevated edge would cross the concrete and strike the asphalt paving approximately 3 feet south of the porch, resulting in no direct light reaching the first three feet of the driveway/ parking lot." (Affidavit of Mark E. Williams, Architect)
 {¶ 6} The church meeting ended at approximately 8:45 p.m. After the meeting, appellant waited inside the church and allowed the majority of the crowd to leave. Appellant exited the vestibule through the south door and waited on the concrete porch for his friend to bring the car. The porch was completely full of people. The coach lights were dim and the pole light in the parking lot was not operating.
 {¶ 7} While he was on the porch he spoke with another attendee and watched people hop off the porch to the asphalt below. He also observed several cars go by with their headlights illuminating the area between the porch and the asphalt parking lot. When appellant saw what he thought were his friend's car's headlights, he stepped down off the front of the concrete porch. Before stepping off the porch he looked at the asphalt parking lot below. Appellant admitted that he misjudged the height of the porch from the asphalt. Consequently, appellant landed heavily on his right foot and fell onto the pavement. As a result, appellant injured his right shoulder and fractured his right hip.
 {¶ 8} On October 7, 2005, (after a prior voluntary dismissal) appellant re-filed a complaint for negligence against appellee-church. Appellant alleged that appellee *Page 4 
breached a duty of care owed to appellant by failing to keep the porch area in a safe condition and by failing to adequately light, guard, or give warning of the dangerous conditions. Appellant further alleged that appellee failed to comply with state and local building codes as they related to the construction, improvements and maintenance of the porch area. Specifically, appellant argued that appellee failed to install handrails. Appellant stated that appellee's negligence was the proximate cause of his injuries.
 {¶ 9} On February 6, 2006, appellee filed a motion for summary judgment arguing that the difference in height elevation between the porch and the asphalt was an open and obvious danger which served as a warning to appellant thereby negating any liability. Appellant filed a response in opposition. On August 24, 2006, the trial court granted appellee's motion for summary judgment. Specifically, the trial court held as follows:
 {¶ 10} "FINDS that from a review of the evidence to be considered under Civ.R.56, reasonable minds can come to but one conclusion on all claims made in the Complaint against the Defendant, and that conclusion is unfavorable to the Plaintiffs, the parties against whom the Motion for Summary Judgment has been made. The Plaintiffs have been entitled to, and have received, a construction of the evidence most strongly in their favor.
 {¶ 11} "FINDS that no genuine issue as to any material fact remains to be litigated.
 {¶ 12} "FINDS that the Defendant is entitled to judgment as a matter of law and that the Plaintiffs have failed to produce a sufficient quantum of evidence on the issues *Page 5 
postured for Summary Judgment for which the Plaintiffs bear the burden of production at Trial.
 {¶ 13} "FINDS that the evidence allowed to be considered on a Summary Judgment Motion supports the conclusion that the Plaintiffs have no legally recoverable claims against the Defendant in this case."
 {¶ 14} It is from this judgment that appellant appeals, setting forth the following assignment of error:
 {¶ 15} "THE TRIAL COURT COMMITTED ERROR BY DISMISSING THE CLAIMS OF APPELLANT AS A MATTER OF LAW."
 {¶ 16} An appellate court's review of summary judgment is conducted de novo. See, e.g., Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411-412, 599 N.E.2d 786. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the Civ.R. 56 summary judgment standard, as well as the applicable law.
 {¶ 17} Civ. R. 56(C) provides, in relevant part, as follows:
 {¶ 18} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving *Page 6 
party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 19} Therefore, pursuant to that rule, a trial court may not award summary judgment unless the evidence demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and after viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Temple v. Wean United, Inc. (1977), 50 Ohio St. 2d 317, 327,364 N.E.2d 267; Vahila v. Hall (1997), 77 Ohio St.3d 421, 429-30,674 N.E.2d 1164.
 {¶ 20} "In order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of duty, and injury resulting proximately therefrom." Strother v. Hutchinson (1981),67 Ohio St.2d 282, 285, 423 N.E.2d 467; Texler v. D.O. SummersCleaners (1998), 81 Ohio St.3d 677, 680, 1998-Ohio-602, 693 N.E.2d 217;Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614;Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,472 N.E.2d 707. If a defendant points to evidence illustrating that the plaintiff will be unable to prove any one of the foregoing elements and if the plaintiff fails to respond as Civ.R. 56 provides, the *Page 7 
defendant is entitled to judgment as a matter of law. SeeFeichtner v. Cleveland (1994), 95 Ohio App.3d 388, 394, 642 N.E.2d 657;Keister v. Park Centre Lanes (1981), 3 Ohio App.3d 19, 443 N.E.2d 532.
 {¶ 21} In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. See, e.g., Gladon v. Greater Cleveland Regional TransitAuth. (1996), 75 Ohio St.3d 312, 315, 1996-Ohio-137, 662 N.E.2d 287;Shump v. First Continental-Robinwood Assocs. (1994), 71 Ohio St.3d 414,417, 644 N.E.2d 291. Ohio adheres to the common-law classifications of invitee, licensee, and trespasser in cases of premises liability.Shump v. First Continental-Robinwood Assoc. (1994), 71 Ohio St.3d 414,417, 1994-Ohio-427, 644 N.E.2d 291, 294; Boydston v. Norfolk S.Corp. (1991), 73 Ohio App.3d 727, 733, 598 N.E.2d 171, 175. In the case at bar, the parties do not dispute that appellant is an invitee.
 {¶ 22} An invitee is defined as a person who rightfully enters and remains on the premises of another at the express or implied invitation of the owner and for a purpose beneficial to the owner. Gladon v.Greater Cleveland Regional Authority (1996), 75 Ohio St. 3d 312, 315,1996-Ohio-137, 662 N.E. 287. The owner or occupier of the premises owes the invitee a duty to exercise ordinary care to maintain its premises in a reasonably safe condition, such that its invitees will not unreasonably or unnecessarily be exposed to danger. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203, 480 N.E.2d 474. A premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers. See Jackson v. KingsIsland (1979), 58 Ohio St.2d 357, 358, 390 N.E.2d 810. However, a premises *Page 8 
owner is not, an insurer of its invitees' safety against all forms of accidents that may happen. Paschal v. Rite Aid Pharmacy, Inc,18 Ohio St. 3d at 204. Invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. See Brinkman v. Ross (1993),68 Ohio St.3d 82, 84, 623 N.E.2d 1175; Sidle v. Humphrey (1968),13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus. Therefore, when a danger is open and obvious, a premises owner owes no duty of care to individuals lawfully on the premises. See Armstrong v. Best BuyCo., 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088; Sidle v.Humphrey (1968), 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus.
 {¶ 23} Open and obvious dangers are not concealed and are discoverable by ordinary inspection. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49,50-51, 566 N.E.2d 698. The dangerous condition at issue does not actually have to be observed by the claimant to be an open and obvious condition under the law. Lydic v. Lowe's Cos., Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, at paragraph 10. Rather, the determinative issue is whether the condition is observable. Id.
 {¶ 24} The underlying rationale is that "the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves."Armstrong Supra, citing Simmers v. Bentley Construction Co. (1992),64 Ohio St.3d 642, 644, 1992-Ohio-42, 597 N.E.2d 504. "The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the *Page 9 
plaintiff." Armstrong Supra. When applicable, the open and obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claim. Id.
 {¶ 25} In most situations, whether a danger is open and obvious presents a question of law. See Hallowell v. Athens, Athens App. No. 03CA29, 2004-Ohio-4257, at paragraph 21; see, also, Nageotte v. CafaroCo., 160 Ohio App.3d 702, 2005-Ohio-2098, 828 N.E.2d 683. However, under certain circumstances disputed facts may exist regarding the openness and obviousness of a danger thus rendering it a question of fact. As the court explained in Klauss v. Marc Glassman, Inc., Cuyahoga App. No. 84799, 2005-Ohio-1306, at paragraph 17-18: "Although the Supreme Court of Ohio has held that whether a duty exists is a question of law for the court to decide, the issue of whether a hazardous condition is open and obvious may present a genuine issue of fact for a jury to review. Therefore, where only one conclusion can be drawn from the established facts, the issue of whether a risk was open and obvious may be decided by the court as a matter of law. Anderson v. Hedstrom Corp.
(S.D.N.Y.1999), 76 F.Supp.2d 422, 441; Vella v. Hyatt Corp. (S.D. MI 2001), 166 F.Supp.2d 1193, 1198; see, also, Parsons v. Lawson Co.
(1989), 57 Ohio App.3d 49, 566 N.E.2d 698. where reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine.Carpenter v. Marc Glassman, Inc. (1997), 124 Ohio App.3d 236, 240,705 N.E.2d 1281; Henry v. Dollar General Store, Greene App. No. 2002-CA-47, 2003-Ohio-206; Bumgarner v. Wal-Mart Stores, Inc., Miami App. No. 2002-CA-11, 2002-Ohio-6856." Accordingly "[t]he determination of the existence and obviousness of a danger alleged to exist on a *Page 10 
premises requires a review of the facts of the particular case."Miller v. Beer Barrel Saloon (May 24, 1991), Ottawa App. No. 90-OT-050.
 {¶ 26} "Attendant circumstances" become part of the analysis and may create a genuine issue of material fact as to whether a hazard is open and obvious. See Cummin v. Image Mart, Inc., Franklin App. No. 03AP1284, 2004-Ohio-2840, at paragraph 8, citing McGuire v. Sears, Roebuck Co. (1996), 118 Ohio App.3d 494, 498, 693 N.E.2d 807. An attendant circumstance is a factor that contributes to the fall and is beyond the injured person's control. See Backus v. Giant Eagle, Inc. (1996),115 Ohio App.3d 155, 158, 684 N.E.2d 1273. "The phrase refers to all circumstances surrounding the event, such as time and place, the environment or background of the event, and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event." Cummin, at paragraph 8, citing Cash v.Cincinnati (1981), 66 Ohio St.2d 319, 324, 421 N.E.2d 1275. An attendant circumstance has also been defined to include any distraction that would come to the attention of a person in the same circumstances and reduce the degree of care an ordinary person would have exercised at the time.McGuire, 118 Ohio App.3d at 499. Attendant circumstances do not include the individual's activity at the moment of the fall, unless the individual's attention was diverted by an unusual circumstance of the property owner's making. See McGuire, 118 Ohio App.3d at 498.
 {¶ 27} Also, an individual's particular sensibilities do not play a role in determining whether attendant circumstances make the individual unable to appreciate the open and obvious nature of the danger. As the court explained in Goode v. Mt. Gillion Baptist Church, Cuyahoga App. No. 87876, 2006-Ohio-6936, at paragraph 25: *Page 11 
"The law uses an objective, not subjective, standard when determining whether a danger is open and obvious. The fact that a particular appellant herself is not aware of the hazard is not dispositive of the issue. It is the objective, reasonable person that must find that the danger is not obvious or apparent."
 {¶ 28} Furthermore, the violation of a building code does not automatically act to impart negligence. In Chambers v. St. Mary'sSchool, 82 Ohio St.3d 563, 1998-Ohio-184, 697 N.E.2d 198, the Supreme Court addressed whether a violation of the OBBC may constitute negligence per se. The court explained the difference between negligence and negligence per se, stating: "The distinction between negligence and `negligence per se' is the means and method of ascertainment. The first must be found by the jury from the facts, the conditions and circumstances disclosed by the evidence; the latter is a violation of a specific requirement of law or ordinance, the only fact for determination by the jury being the commission or omission of the specific act inhibited or required." * * * Negligence per se is tantamount to strict liability for purposes of proving that a defendant breached a duty.' Id. at 565-66, 697 N.E.2d 198, quoting Swoboda v.Brown (1935), 129 Ohio St. 512, 522, 196 N.E.2d 274.
 {¶ 29} The Supreme Court further held that violations of the OBBC do not constitute negligence per se, but that they may be admissible as evidence of negligence and should be considered in light of the surrounding circumstances. Furthermore, "Negligence per se does not equal liability per se. Courts have reasoned that, simply because the law may presume negligence from a person's violation of a statute or rule does not presume that such negligence was the proximate cause of the harm inflicted. *Page 12 Merchants Mutual Insurance Company v. Baker (1984),15 Ohio St. 3d 316, 473 N.E. 2d 827, citing 39 Ohio Jurisprudence 2d (1959) 525-528, Negligence, Section 26.
 {¶ 30} In this case we disagree with appellant. We find that no genuine issue of material fact exists as to whether the elevation of the cement porch from the asphalt driveway presented an open and obvious danger. Appellant testified in his deposition that he had to walk up a sloping wheelchair ramp to reach the cement porch prior to entering the south door to the church. He further stated that he watched people hop off the porch, noticed a difference in colors between the porch and parking lot, observed the height elevation between the porch and the parking lot as cars drove by, and looked down at the asphalt prior to stepping off the porch. He was also aware that the wheelchair ramp and porch did not have handrails. Appellant further admitted that all these hazards were readily observable. See Early v. Damon's Restaurant, Franklin App. No. 05AP-1342, 2006-Ohio-3311 (stating that the lack of a handrail was an open and obvious hazard); Nelson v. Sound HealthAlternatives, Inc. (Sept. 6, 2001), Athens App. No. 01CA24, unreported, (holding that lack of handrail, uniformity of color between steps and landing, and dimly lit stairs presented open and obvious danger). Additionally, the argument that the cement porch was dimly lit making the elevation unperceivable is also unpersuasive since "darkness is always a warning of danger, and may not be disregarded." McCoy v. KrogerCo., Franklin App. No. 05AP7, 2005-Ohio-6965, at ¶ 14; see, also,Chaparro-Delvalle v. TSH Real Estate Invest. Co., Inc., Lorain App. No. 05CA008712, 2006-Ohio-925; Storc v. Day Drive Assocs. Ltd., Cuyahoga App. No. 86284, 2006-Ohio-561. *Page 13 
 {¶ 31} Under the circumstances, it appears from the record that appellant simply misjudged the height between the cement porch and the asphalt parking lot. We find that the condition of the cement porch was observable, open and obvious to the reasonable person. We further find that the open and obvious nature of the cement porch precludes appellant from liability for negligence. Accordingly, we hereby overrule appellant's sole assignment of error.
 {¶ 32} The judgment of the Tuscarawas County Court of Common Pleas is hereby affirmed.
By: Edwards, J.
Wise, J. concurs
 Hoffman, P. J. dissents *Page 14