[Cite as *Pragnell v. Edward R. Hart Co.*, 2012-Ohio-778.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| DORIS AND BART PRAGNELL | : | William B. Hoffman, P.J. |
|  | : | John W. Wise, J. |
| Plaintiffs-Appellants | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2011CA00111 |
|  | : |  |
|  | : |  |
| EDWARD R. HART COMPANY, | : | O P I N I O N |
| et al., |  |  |
|  |  |  |
| Defendants-Appellees |  |  |


CHARACTER OF PROCEEDING:        Civil Appeal from Stark County
                                Court of Common Pleas Case No.
                                2010-CV-03801

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         February 21, 2012

APPEARANCES:

For Plaintiffs-Appellants                For Defendants-Appellees

STEPHEN S. VANEK                         MARK S. HURA
Friedman, Domiano & Smith Co., L.P.A.    50 South Main Street
55 Public Square, Suite 1055             Suite 615
Cleveland, Ohio  44113                   Akron, Ohio  44308

*Edwards, J.*

{¶ 1} Plaintiffs-appellants, Doris and Bart Pragnell, appeal from the May 13, 2011, Judgment Entry of the Stark County Court of Common Pleas granting the Motion for Summary Judgment filed by defendant-appellee Edward R. Hart Company.

STATEMENT OF THE FACTS AND CASE

{¶ 2} On April 22, 2010, appellant Doris Pragnell and her husband, appellant Bart Pragnell, went to appellee's business to look at carpet samples. They had never been to appellee's showroom prior to such date. Appellants arrived at appellee's showroom at around lunchtime on a nice day. There was no snow on the ground and the pavement was dry.

{¶ 3} Appellants, upon arriving at appellee's showroom, parked on the same side of the street that the business sits on. Appellant Doris Pragnell walked down the sidewalk, went up a single step, and then entered the showroom through a green door behind her husband. Neither appellant Bart Pragnell nor appellant Doris Pragnell had problems negotiating the step as they entered the showroom. A black rubber mat covers the outside step at the entrance/exit door to appellee's showroom.

{¶ 4} Appellants looked at carpeting samples for approximately a half an hour before leaving. Appellant Doris Pragnell, during her deposition, testified that she walked out of the showroom before her husband through the same door through which she had entered the showroom. She testified that the step had not changed in any way from the time that she entered the showroom and that she stepped out with her right foot first and landed on to the step without any problems. Appellant Doris Pragnell then put her

left foot down onto the step without any problem. She testified that she was able to exit the showroom and get onto the step without any problem.

{¶ 5} From the step that she was on, appellant Doris Pragnell had to take a step down onto the sidewalk. When she was asked, during her deposition, whether she was able to step onto the sidewalk with her right foot without any problem, appellant Doris Pragnell testified that she thought that she was on the sidewalk and "started to walk to the car, not realizing I was still on the step and I fell to the ground." Deposition of Doris Pragnell at 18. The following is an excerpt from her deposition testimony:

{¶ 6} "Q. Okay. So your next - - let me back up. We're getting confused here. You're in the building. Your right leg comes up, your foot goes down on the step, correct?

{¶ 7} "A. Correct.

{¶ 8} "Q. Left leg follows, left foot lands on the step, correct?

{¶ 9} "A. Correct.

{¶ 10} "Q. At this point we have no problem?

{¶ 11} "A. No.

{¶ 12} "Q. Right leg goes up. You intended for your right foot to land on the sidewalk but instead it lands on the step?

{¶ 13} "A. I was on the step with both feet thinking that I was on the sidewalk because I stepped out of the building and I started to walk , right foot first and fell to the ground.

{¶ 14} "Q. Did you forget that there was a step there?

{¶ 15} "A. Yes, I did.

{¶ 16} "Q. Okay. So when (sic) put your right foot out and landed on the step and your left foot out of the building and landed on the step, you were thinking you were on the sidewalk?

{¶ 17} "A. Yes." Deposition of Doris Pragnell at 20.

{¶ 18} On October 14, 2010, appellants filed a complaint against appellee, alleging that appellee was negligent. On March 3, 2011, appellee filed a Motion for Summary Judgment. Pursuant to a Judgment Entry filed on May 13, 2011, the trial court granted such motion.

{¶ 19} Appellants now raise the following assignment of error on appeal:

{¶ 20} 'THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF EDWARD R. HART COMPANY."

STANDARD OF REVIEW

{¶ 21} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212, (1987). As such, we must refer to Civ.R. 56 which provides, in pertinent part: "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against

whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * * "

{¶ 22} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, (1977), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264, (1996).

{¶ 23} It is pursuant to this standard that we review appellants' assignment of error.

I

{¶ 24} Appellant, in their sole assignment of error, argue that the trial court erred in granting summary judgment in favor of appellee. We disagree.

{¶ 25} At issue in the case sub judice is whether or not appellee was negligent. In order to establish a claim for negligence, a plaintiff must show: (1) a duty on the part of defendant to protect the plaintiff from injury; (2) a breach of that duty; and (3) an injury proximately resulting from the breach. *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614, (1989). If a defendant points to evidence illustrating that the plaintiff will be

unable to prove any one of the foregoing elements and if the plaintiff fails to respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of law. *Aycock v. Sandy Valley Church of God,* 5th Dist. No. 2006 AP 09 0054, 2008-Ohio-105, at ¶20.

{¶ 26} In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. *Aycock,* supra at paragraph 21, citing *Gladon v. Greater Cleveland Regional Transit Auth.* (1996), 75 Ohio St.3d 312, 315, 662 N.E.2d 287, (1996); *Shump v. First Continental-Robinwood Assocs.,* 71 Ohio St.3d 414, 417, 644 N.E.2d 291, (1994). Ohio adheres to the common-law classifications of invitee, licensee, and trespasser in cases of premises liability. *Shump,* supra, *Boydston v. Norfolk S. Corp.,* 73 Ohio App.3d 727, 733, 598 N.E.2d 171, 175, (1991).

{¶ 27} In the case at bar, appellant Doris Pragnell was a business invitee. An invitee is defined as a person who rightfully enters and remains on the premises of another at the express or implied invitation of the owner and for a purpose beneficial to the owner. *Gladon,* supra at 315. The owner or occupier of the premises owes the invitee a duty to exercise ordinary care to maintain its premises in a reasonably safe condition, such that its invitees will not unreasonably or unnecessarily be exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.,* 18 Ohio St.3d 203, 480 N.E.2d 474, (1985). A premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers. See *Jackson v. Kings Island* 58 Ohio St.2d 357, 358, 390 N.E.2d 810, (1979). However, a premises owner is not an insurer of its invitees' safety against all forms of accidents that may happen. *Paschal,* supra at 204, 480 N.E.2d 474. Invitees are expected to take reasonable precautions to

avoid dangers that are patent or obvious. See *Brinkman v. Ross,* 68 Ohio St.3d 82, 84, 623 N.E.2d 1175, (1993); *Sidle v. Humphrey* 13 Ohio St.2d 45, 233 N.E.2d 589, (1968) paragraph one of the syllabus. Therefore, when a danger is open and obvious, a premises owner owes no duty of care to individuals lawfully on the premises. See *Armstrong v. Best Buy Co.,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088; *Sidle,* supra at paragraph one of the syllabus.

{¶ 28} In the case sub judice, appellants argued that the black rubber mat that covered the step right outside the entrance/exit door to appellee's showroom created a hazardous condition. According to appellants, the black mat covered the entire stoop and, by doing so, removed any "visual reminder or clue as to the presence of the step." Appellants also contend that while the step is completely visible upon entry into the showroom, it is completely undetectable upon exiting the same way.

{¶ 29} However, we concur with the trial court that the rubber mat did not create a hazardous condition. Harry Rennecker, who is appellee's Vice President of the flooring division, testified during his deposition that the business had been at the same location for 91 years. He testified that the black mat had been there as long as he could recall and that he had been there for 20 years. He testified that an outside company comes in and takes up the mat once a week and puts a new one down and that he did not know of anyone other than appellant Doris Pragnell to fall on the step. When asked, Rennecker testified that he had not received any complaints regarding the step.

{¶ 30} Moreover, as noted by the trial court, appellant Doris Pragnell, during her deposition, "never testified that the black mat visually impaired her ability to decipher whether or not she was on the sidewalk as she exited the Defendant's showroom.

Rather, Plaintiff testified that she just thought she was on the sidewalk and forgot there was a step there."

{¶ 31} Based on the foregoing, we find that the trial court did not err in granting summary judgment in favor of appellee.  We find that, viewing the evidence in a light most favorable to appellants, reasonable minds could only conclude that the black rubber mat did not create a hazardous condition and that appellee did not breach any duty in this case.

{¶ 32} Appellants' sole assignment of error is, therefore, overruled.

{¶ 33} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Edwards, J.

Hoffman, P.J. and

Wise, J. concur

_____

_____

_____

                                   JUDGES

JAE/d1128

[Cite as *Pragnell v. Edward R. Hart Co.*, 2012-Ohio-778.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DORIS AND BART PRAGNELL | : | |
| | : | |
| Plaintiffs-Appellants | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| EDWARD R. HART COMPANY, et al., | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 2011CA00111 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellants.

_____

_____

_____

JUDGES