[Cite as *Gatschet v. W. Manor Dev. Group, L.L.C.*, 2018-Ohio-3356.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| G. GRANT GATSCHET, II, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| WEST MANOR DEVELOPMENT | : | Case No. 2018CA00008 |
| GROUP, LLC, et al. | : | |
| | : | |
| Defendants - Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2017-CV-00668

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      August 20, 2018

APPEARANCES:

For Plaintiff-Appellant

BRIAN L. ZIMMERMAN
B. Zimmerman Law
229 Third Street, NW
Canton, Ohio 44702

For Defendant-Appellee Central
Commons Homeowners Association

WM. SCOTT FOWLER
Comstock, Springer & Wilson Co., LPA
100 Federal Plaza East, Suite 926
Youngstown, Ohio 44503-1811

*Baldwin, J.*

**{¶1}** Plaintiff-appellant G. Grant Gatschet, II appeals from the December 28, 2017 Judgment Entry of the Stark County Court of Common Pleas granting the Motion for Summary Judgment filed by defendant-appellee Central Commons Condominium Homeowners Association ("Central Commons").

### STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant G. Grant Gatschet, II moved into his mother's condominium known as Central Commons in 2011. He and his mother usually exited and entered the condo through the garage, but appellant occasionally used the sidewalk leading to the front door of the condo. On April 3, 2015, appellant was using the front sidewalk to either take something to his car or retrieve something from his car when he tripped and fell. He used the same route when he went out to his car initially as when he was going back to the unit. When asked what happened, he testified that "I think my foot just got caught on the concrete." Appellant's Deposition at 93. According to him, the sidewalk was not level, which caused him to trip and fall. At the time of his fall, it was raining. Appellant testified that he was walking at a normal pace, that he was not carrying anything, and that he was not distracted as he was going back to the condo.

**{¶3}** Prior to his fall, appellant had not personally talked to anyone connected with the homeowner's association about the condition of the sidewalk outside his mother's condo unit and did not notice "much of anything" about the front sidewalk other than it was aging. Appellant's Deposition at 87. He was unaware of any problems with the sidewalk prior to his fall. He had never tripped on the sidewalk before and did not know if anyone else had. The following is an excerpt from appellant's deposition testimony:

**{¶4}** Q: All right. You did tell me previously, unless I misinterpreted something you said, that if you had things you were carrying directly up to your bedroom, you would go up and down the sidewalk?

**{¶5}** A: That's correct.

**{¶6}** Q: Okay. And in any of the previous times when you carried things from the driveway up to your bedroom, had you noticed any problems with the sidewalks? Did you see any cracks, any deviation in height, or anything like that?

**{¶7}** A: I did not notice anything.

**{¶8}** Appellant's Deposition at 87.

**{¶9}** After his fall, appellant took pictures of the sidewalk.

**{¶10}** In November of 2014, Central Common had had sent a newsletter to condo unit owners, stating, in relevant part, as follows:

> The Board is repairing the sidewalks that are uneven at the present time. This work will be done within the next week or two. Unit's getting repaired at this time will be 1311,1313,1315,1321,1323,1325,1406 and 1420. This work will help with getting the sidewalks leveled and being safe.

**{¶11}** Appellant's unit was listed as one of the units to receive the repairs. Appellant testified that, to his knowledge, he had not seen the newsletter before, but acknowledged that he and his mother previously had received copies of the newsletters from appellee Central Commons at their unit. In the affidavit attached to his memorandum in opposition to the Motion for Summary Judgment, he stated that he had never seen the newsletter.

**{¶12}** On March 29, 2017, appellant filed a complaint against appellee Central Commons Condominium Homeowners Association and West Manor Development, the owner, manager and/or operator of the condominium development. Appellant filed an amended complaint adding Harry W. Giltz, II, Harry W. Giltz, III and Grant Giltz as defendants on April 20, 2017. He alleged that the three new defendants were owners /operators of appellee Central Commons.

**{¶13}** West Manor Development Group LLC filed an answer to the complaint on April 27, 2017. West Manor Development Group LLC and Harry W. Giltz II, Harry W. Giltz III and Grant Giltz filed an answer to the amended complaint on May 17, 2017. Appellee Central Commons Condominium Homeowners Association filed an answer to the amended complaint on May 25, 2017.

**{¶14}** On July 11, 2017, appellant filed a voluntary dismissal with prejudice of West Manor Development Group LLC and, on July 17, 2017, filed a voluntary dismissal with prejudice of Harry W. Giltz, II, Harry W. Giltz, III and Grant Giltz.

**{¶15}** Thereafter, on November 21, 2017, appellee Central Commons filed a Motion for Summary Judgment. Appellant filed a memorandum in opposition to the motion on November 21, 2017 and appellee Central Commons filed a reply on December 8, 2017.

**{¶16}** The trial court, as memorialized in a Judgment Entry filed on December 28, 2017, granted the Motion for Summary Judgment. The trial court found that the condition of the sidewalk was "an open and obvious condition that was readily observable" by appellant and also that appellant's claim was barred by the two-inch rule.

**{¶17}** Appellant now appeals, raising the following assignment of error on appeal:

{¶18} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT CENTRAL COMMONS HOMEOWNERS ASSOCIATION."

*SUMMARY JUDGMENT STANDARD*

{¶19} Civil Rule 56(C), in reviewing a motion for summary judgment, provides, in pertinent part, as follows:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶20} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311

(1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Indus. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶21} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶22} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280,1996-Ohio-107, 662 N.E.2d 264. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

I

{¶23} Appellant, in his sole assignment of error, contends that the trial court erred in granting the Motion for Summary Judgment filed by appellee Central Commons. We disagree.

**{¶24}** The issue in this case is whether Central Commons was negligent. In order to establish a claim for negligence, a plaintiff must show: (1) a duty on the part of defendant to protect the plaintiff from injury; (2) a breach of that duty; and (3) an injury proximately resulting from the breach. *Jeffers v. Olexo*, 43 Ohio St.3d 140, 539 N.E.2d 614 (1989).

**{¶25}** There is no dispute between the parties that on April 3, 2015, appellant was an invitee. An invitee is a person who rightfully enters and remains on the premises of another at the express or implied invitation of the owner and for a purpose beneficial to the owner. *Carpenter v. Mount Vernon Gateway, Ltd.*, 5th Dist. Knox No. 13CA6, 2014-Ohio-465, 2014 WL 548166. The owner or occupier of the premises owes the invitee a duty to exercise ordinary care to maintain its premises in a reasonably safe condition, such that its invitees will not unreasonably or unnecessarily be exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985). A premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers. *Id.* However, a premises owner is not an insurer of its invitees' safety against all forms of accident that may happen. *Id.* Invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968).

### OPEN & OBVIOUS

**{¶26}** As is stated above, under Ohio law, a business owner owes no duty to protect an invitee from dangers that are known to the invitee or are so obvious and apparent to the invitee that he or she may be reasonably expected to discover them and

protect him or her against them. *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968).

{¶27} In *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, the Ohio Supreme Court found a premises owner owes no duty to persons entering the premises regarding dangers that are open and obvious. The rationale of the open and obvious doctrine is that the open and obvious nature of the hazard itself serves as a warning, so that owners reasonably may expect their invitees to discover the hazard and take appropriate measures to protect themselves against it. *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 1992-Ohio-42. 597 N.E.2d 504. Therefore, when a danger is open and obvious, a premises owner owes no duty of care to individuals lawfully on the premises. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088. When applicable, the open and obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claim. *Aycock v. Sandy Valley Church of God*, 5th Dist. Tuscarawas No. 2006AP090054, 2008-Ohio-105, 2008 WL 115829.

{¶28} The law uses an objective, not subjective, standard when determining whether a danger is open and obvious. *Freeman v. Value City Dept. Store*, 5th Dist. Stark No. 2010 CA 00034, 2010-Ohio-4634. The fact that a particular appellant himself or herself is not aware of the hazard is not dispositive of the issue. *Id.* It is the objective, reasonable person that must find the danger is not obvious or apparent. *Id.* The determinative issue is whether the condition is observable. *Aycock v. Sandy Valley Church of God*, 5th Dist. Tuscarawas No. 2006AP090054, 2008-Ohio-105, 2008 WL 115829.

{¶29} The trial court found, and we agree, that the condition of the sidewalk was open and obvious. During his deposition, appellant testified that he was not carrying anything or otherwise distracted when he fell. He further testified that he had walked on the same sidewalk when going from his car to the condo and did not have any problems and that he noticed the uneven sidewalk after he fell.

{¶30} As is stated above, the trial court also found that appellant's claim was barred by the two-inch rule. The Ohio Supreme Court has declined to hold property owners and occupiers liable as a matter of law for injuries due to minor or trivial imperfections that were not unreasonably dangerous, are commonly encountered, and to be expected. In *Kimball v. Cincinnati*, 160 Ohio St. 370, 116 N.E.2d 708 (1953), the Ohio Supreme Court held that a height variation in pavement levels less than two inches is a slight defect as a matter of law that precludes a finding of negligence. In *Helms v. American Legion, Inc.*, 5 Ohio St.2d 60, 213 N.E.2d 734 (1966), the Ohio Supreme Court reaffirmed its holding in *Kimball* and extended the two-inch rule to privately owned or occupied properties.

{¶31} In *Cash v. Cincinnati*, 66 Ohio St.2d 319, 421 N.E.2d 1275 (1981), the Ohio Supreme Court again reviewed the two-inch rule. The Court clarified the two-inch rule and stated courts must also consider any attendant circumstances in determining whether liability exists for trivial defects. Thus, in *Cash*, the Ohio Supreme Court established that a height difference of two inches or less is insubstantial as a matter of law, unless attendant circumstances are shown to elevate the defect to an unreasonably dangerous condition. *Id.*

**{¶32}** There is no precise definition of attendant circumstances. *Mulcahy v. Best Buy Stores, LP*, 5th Dist. Delaware No. 13CAE060051, 2014–Ohio–1163. Attendant circumstances are factors that contribute to a fall and are beyond the injured person's control. *Id.* The analysis of attendant circumstances also uses an objective test and the court should not consider the particular actions of the parties in the case. *Id.* Attendant circumstances do not include any circumstances existing at the moment of a fall, unless the individual was distracted by an unusual circumstance created by the property owner. *Id.*

**{¶33}** As noted by the court in *Long v. Speedway, L.L.C.*, 2nd Dist. Montgomery No. 26851, 2016–Ohio–3358, ¶ 10:

"Attendant circumstances" have not been and probably cannot be precisely defined, but the term has been held to include any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time. "Both circumstances contributing to and those reducing the risk of the defect must be considered. The totality of the circumstances of each case must be examined to determine if, as a whole, they create a substantial defect." *Stockhauser* at 33, citing *France v. Parliament Park Townhomes,* 2d Dist. Montgomery No. 14264, 1994 WL 151658 (Apr. 27, 1994). To render a minor defect substantial, attendant circumstances must not only be present, but must create "a greater than normal, and hence substantial, risk of injury." *Id.,* citing *Turner v. Burndale Gardens Co.,* 2d Dist. Montgomery No. 12807, 1991 WL 270662 (Dec. 18, 1991). The attendant circumstances

must, taken together, divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the injury. *Id.,* citing *France, Turner,* and others.

**{¶34}** In the case sub judice, as noted by the trial court "the evidence is undisputed that the uneven portion of the sidewalk where [appellant] claims to have fallen is less than two inches…" Appellant asserts that the two-inch rule was rebutted by attendant circumstances in this case. Appellant specifically contends that the admission of appellee Central Commons in its newsletter that it knew of the condition of the sidewalk and was planning on repairing the same and that a photograph taken by appellant after his  fall that, according to appellant, show that the defect was not readily observable from a standing position,  are attendant circumstances.

**{¶35}** However, we find that the above are not attendant circumstances because they are not circumstances that "divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the injury." As noted by the trial court, appellant has not identified any evidence of attendant circumstances "to elevate the defect in the sidewalk to an unreasonably dangerous condition." Appellant testified that he was not carrying anything when he fell and was not otherwise distracted and that he had walked on the same sidewalk when going from his car to the condo and did not have any problems.

**{¶36}** Based on the foregoing, we find that the trial court did not err in granting the Motion for Summary Judgment filed by appellee Central Commons Condominium Homeowners Association.

**{¶37}** Appellant's sole assignment of error is, therefore, overruled.

{¶38} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.